Curia, per
Butler, J.
The circuit decision in this case must be affirmed. The first ground for the motion, as noticed in the opinion below, cannot be sustained, for the obvious reasons therein stated. The other requires, perhaps, some comment. It was this, that, although the hands of the relator had been employed for the greater part of the year within the jurisdiction of the defendants, they did not belong to him but for a limited time, and were not liable to be returned by him, so as to subject him to liability for their not working on the road.
By the A. A. 1825, sec. 9, (p. 3 L,) all the male inhabitants of this State from 16 to 50 years of age, are declared liable to work on the public roads, &c., and the Commissioners are impowered to direct on what roads they shall be employed, provided that such road be within ten miles of the residence of the person, or of the place where the slaves are employed the greater part of the year. Sec. 11 authorizes each Board of Commissioners to declare what inhabitants are liable to work on any road or part of a road in their respective parishes or districts, or divisions, subject to the restrictions of time and place previously mentioned ; and each Commissioner, in his respective division, is required to call on all the inhabitants within the same, to make a return, (on oath, if required,) of all the male slaves belonging to them, or under their management and direction, from 16 to 50, and who reside in such parish or district for the most of the year. The Commissioners, by the return made to them, must decide on the liability of the hands to perform service on the roads, *98 ■according to their time oí residence. As soon as it is ascertained that slaves have resided and worked at any particular place for the greater part of the year, the Commissioners have a right to command their labor. They cannot command the slaves themselves, but they may proceed against those who have an interest in,'and a control over them. Against whom they are to proceed, must be, in the first instance, a question addressed to their judgement and discretion, for they have .a right to say what inhabitants and slaves shall work on any particular road. They might say some of a man’s hands should work on one road and some on another, and their -owner on a third.
Edwards for the motion; Rhett, contra.
In what instances the hirer of hands, having a limited interest in them, or the owner, should be made liable for their .service, cannot be indicated by any precise rule, but must depend on circumstances, to be judged of by the Commissioners in the exercise of a sound discretion. One who has hired a hand for a day, or a week,-might fairly claim exemption, while a hirer for three years, or one year, would not be entitled to it. In the case before the Court, it appears that the hands in the possession of the relator had been employed by him for his benefit, for the greater part of the year, within the limits of defendant’s jurisdiction. For this time he was their master and owner, and was properly amenable to the ■Commissioners for their road duty. The Commissioners -clearly had jurisdiction of the relator and his hands, and we -do not perceive that they have shewn such a disposition to .abuse it as to require the interference of this Court to restrain the exercise of their authority.
Upon both grounds, therefore, the relator’s motion is refused.
The whole Court concurred.